| Summons | CIVIL DOCKET NO. 2483CV00442 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Fidelity Bank, N.A. Plaintiff(s) vs. Diane Lyon et al Defendant(s) | | Robert S. Creedon, Jr.   Clerk of Courts Plymouth   County COURT NAME & ADDRESS: Plymouth County Superior Court 72 Belmont Street Brockton, MA 02301 |

THIS SUMMONS IS DIRECTED TO   United States Internal Revenue Service Estate Tax Division   (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the Plymouth Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original response** with the Clerk's Office for Civil Business, Plymouth Superior Court 72 Belmont Street Brockton, MA 0230 (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address: Daniel F. de Abreu, 174 Dean Street, Unit B., Taunton, MA  02780

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

A true copy Attest:
7-1-24
Deputy Sheriff Suffolk County

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti, Chief Justice on June 17, 20 24. (Seal)

Clerk _[signature]_

Note: The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____
_____
_____

Dated: _____    Signature: _____

**N.B. TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 1/2023

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

PLYMOUTH, ss.                                  SUPERIOR COURT DEPT.
                                               DOCKET NO.: 2483CV00442

FIDELITY BANK, N.A.,
                    Plaintiff,
       v.                                      C.A. NO.

DIANE LYON, KATHLEEN JOYCE,
RICHARD LYON, SUZANNE M. LYON;
MASSHEALTH; MASSACHUSETTS
DEPARTMENT OF REVENUE; and
INTERNAL REVENUE SERVICE-
ESTATE TAX DIVISION
                    Defendants

## COMPLAINT FOR INTERPLEADER

1. Plaintiff, Fidelity Bank, N.A., formerly known as Fidelity Bank ("Fidelity Bank"), is a national banking association and is duly authorized to conduct business within the Commonwealth of Massachusetts.

2. Richard W. Lyon died on September 18, 2018. There is no known filing in the Plymouth Probate Court regarding the estate of Richard W. Lyon.

3. Plaintiff believes and therefore avers that Defendant, Diane Lyon was married to the late Richard W. Lyon, and is a Massachusetts resident with a last known usual address of Life Care Center of Plymouth, 94 Obery Street, Plymouth, MA 02360. Upon information and belief, Jessica Libby, Esq., with an address of 500 Granite Avenue, Suite 3, Milton, MA 02186 is Conservator for Diane Lyon. (See PL23P1766PM).

4. Defendant, Kathleen Joyce, upon information and belief, is an heir of Richard W. Lyon, late of Plymouth, with a last known usual address of 20 Beverly Way, Pembroke, MA 02359.

5. Defendant, Richard Lyon, upon information and belief, is an heir of Richard W. Lyon, with a last known usual address of 8 North Street, Apt. 2R, Plymouth, MA 02360-3697.

6. Defendant, Suzanne M. Lyon, upon information and belief, is an heir of Richard W. Lyon, with a last known usual address of 12 Wareham Street, #6, Middleboro, MA 02346-2451.

7. Defendant, MassHealth, with a local address of 100 Hancock Street, 1st Floor, Quincy, MA 02171, may be, potentially, the holder of a lien against the estate of Richard W. Lyon.

8. Defendant, Massachusetts Department of Revenue, with a local address of 200 Arlington Street, Chelsea, MA 02150, may be, potentially, the holder of a lien against the estate of Richard W. Lyon.

9. Defendant, Department of Treasury-Internal Revenue Service, Estate Tax Division, with a local address of 15 New Sudbury Street, Boston, MA 02203, may be, potentially, the holder of a lien against the estate of Richard W. Lyon.

10. On or about September 18, 2012, Diane Lyon and Richard W. Lyon ("Borrower") executed and delivered loan documents to Maverick Funding Corp. with respect to a One Hundred Seventy-Two Thousand and 00/100 ($172,000.00) dollar loan.

11. Ricard W. Lyon, upon information and belief, died on September 18, 2018.

12. Fidelity Bank is the holder of a Note evidencing the $172,000.00 loan to Borrower (the "Note").

13. The Note was secured by a first mortgage dated September 18, 2012 and recorded September 25, 2012 in Book 41996 at Page 284 on the real estate located at 16 Pequot Terrace, Plymouth, MA 02360.

14. Said mortgage was assigned to Fidelity Bank by that certain Assignment of Mortgage dated December 1, 2016 and recorded January 23, 2017 in Book 48029 at Page 86.

15. The Borrower defaulted on their obligation to repay the Note.

16. On March 8, 2024, Fidelity Bank conducted a foreclosure sale of the Property in conformity with applicable law. The sale was consummated on April 24, 2024.

17. The Property was purchased by a third party for the sum of Three Hundred Seventy Seven Thousand and 00/100 ($377,000.00) Dollars, plus a one percent (1%) auctioneer premium ($3,770.00) paid by the Buyer. The auctioneer premium is not included in the figures in the following paragraph.

18. Prior to the application of the foreclosure sale proceeds, the balance due under the Note was as follows:

| | |
|---|---|
| Principal on $172,000.00 Note | $191,328.55 |
| Interest | $ 7,521.41 |
| Escrow/Impound Overdraft | $ 7,517.53 |
| Late charges | $ 283.86 |
| Corporate Advance | $ 12,670.83 |
| TOTAL: | $219,322.18 |

19. In addition, there was an overage paid of $31.54.

20. The foreclosure sale resulted in a surplus sum of $157,709.36 (the "Surplus Funds" ($377,000 + $31.54 - $219,322.18).

3

21. Plaintiff neither has nor claims any interest in the Surplus Funds, except for Attorney's Fees and Costs as set forth herein.

22. Each of the Defendants may have an interest in the Surplus Funds.

23. Plaintiff has been unable to determine what disposition it should make of the Surplus Funds, and under the facts and circumstances is unable to determine to whom the same is payable.

24. Plaintiff has employed Brennan Scungio & Kresge LLP, formerly known as Brennan, Recupero, Cascione, Scungio & McAllister, LLP, as its attorneys to institute this cause and prosecute it to an end and has agreed to pay them for their services on its behalf a reasonable attorneys' fee as the court shall allow.

25. Plaintiff's attorneys performed a "first" foreclosure sale for this property on September 8, 2023, and was paid by Fidelity Bank its fees and costs related to same. Said "first" foreclosure sale was void due to noticing errors.

26. Plaintiff's attorneys are holding Three Thousand Five Hundred Dollars ($3,500.00) from the Surplus Funds in its client escrow account, pending this Court's approval of a petition for attorneys' fees and costs, and, Three Thousand Six Hundred Seventy-Six and 99/100 ($3,676.99) from the Surplus Funds in its client escrow account for reimbursement of costs incurred as it was necessary to perform a second foreclosure as a result of failure to provide notice to the Massachusetts Department of Revenue before the first foreclosure sale.

27. This is an action for interpleader in accordance with Mass.R.Civ.P. 22 and every other pertinent authority. The named Defendants are persons who may have claims to the Surplus Funds. Plaintiff seeks to protect itself from litigation regarding the Surplus

Funds in which, except as provided above, it has no interest, and requests that the Court determine the correct disposition of the Surplus Funds.

WHEREFORE, Plaintiff respectfully prays as follows:

1. That this Court enter an order requiring the Defendants to interplead in this cause and to settle therein their respective rights to the aforesaid Surplus Funds that are now in the possession of the Plaintiff.

2. That this Court enter an order authorizing and directing Plaintiff to pay into said Court the sum of $150,532.37. (the Surplus Funds less the escrow funds held for attorneys' fees and costs).

3. That this Court enter an order forever releasing and discharging Plaintiff from liability to Defendants in this action on account of the matters relating to this action.

4. That the Court determine the amount of reasonable attorneys' fees to be paid to said attorneys of Plaintiff for their services for Plaintiff in this cause and enter an order authorizing and directing said attorneys' fees, and all court costs and expenses incurred by Plaintiff in this action, respectively, to be paid out of the aforesaid sums of $3,500.00 and $3,676.99 and/or the remaining Surplus Funds if necessary.

5. For such other and further relief as the Court deems appropriate.

Respectfully submitted,
Fidelity Bank, N.A.
By its attorneys,

Date: June 6, 2024

*/s/ Daniel F. de Abreu*
Daniel F. de Abreu, B.B.O.#652618
Brennan Scungio Kresge LLP
174 Dean Street, Unit B
Taunton, MA 02780
508-822-0178
ddeabreu@bskllp.com

5

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2483CV00442 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Fidelity Bank, N.a. vs. Lyon, Diane et al | | Robert S. Creedon, Jr., Clerk of Courts Plymouth County |
| TO: Daniel Francis de Abreu, Esq. Brennan Scungio and Kresge LLP 174 Dean St Unit B Taunton, MA 02780 | | COURT NAME & ADDRESS Plymouth County Superior Court - Brockton 72 Belmont Street Brockton, MA 02301 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                               **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/04/2024 | |
| Response to the complaint filed (also see MRCP 12) | | 10/04/2024 | |
| All motions under MRCP 12, 19, and 20 | 10/04/2024 | 11/04/2024 | 12/03/2024 |
| All motions under MRCP 15 | 10/04/2024 | 11/04/2024 | 12/03/2024 |
| All discovery requests **and depositions** served and non-expert depositions completed | 04/02/2025 | | |
| All motions under MRCP 56 | 05/02/2025 | 06/02/2025 | |
| Final pre-trial conference held and/or firm trial date set | | | 09/29/2025 |
| Case shall be resolved and judgment shall issue by | | | 06/08/2026 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time. Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 06/06/2024 | ASSISTANT CLERK | PHONE (508)583-8250 |
|---|---|---|

Date/Time Printed: 06-06-2024 13:54:45                                                       SCV026\ 08/2018